**No. 25-11044**

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-02118-X

---

# APPELLEE SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS

---

JEFFERY A. BERGER
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

# Certificate of Interested Persons

*Securities and Exchange Commission v. Timothy Barton*, No. 25-11044

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity;

2. 2999 Acquisitions, LLC (Delaware), entity subject to preliminary injunction;

3. 2999 Middlebury, LLC (Delaware), entity subject to preliminary injunction;

4. 2999 Roxbury, LLC (Delaware), entity subject to preliminary injunction;

5. 2999TC Acquisitions, LLC, receivership entity;

6. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC, entity subject to preliminary injunction;

7. 2999TC Founders, LLC (Delaware), entity subject to preliminary injunction;

8. 2999TC JMJ CMGR, LLC (Delaware), receivership entity;

9. 2999TC JMJ Equity, LLC, entity subject to preliminary injunction;

10. 2999TC JMJ MGR, LLC (Delaware), entity subject to preliminary injunction;

11. 2999TC JMJ, LLC (Delaware), entity subject to preliminary injunction;

12. 2999TC JMJ, LLC (Texas), entity subject to preliminary injunction;

13. 2999TC LP, LLC (Delaware), entity subject to preliminary injunction;

14. 2999TC MM, LLC, entity subject to preliminary injunction;

15. 2999TC MZ, LLC (Delaware), entity subject to preliminary injunction;

16. 3820 Illinois, LLC, interested party;

17. Ackerman LLP, counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

18. Adam and Reese LLP, counsel for interested party Bank of America, N.A.;

19. Aledo TX, LLC, receivership entity;

20. AVEG WW, LLC (Delaware), entity subject to preliminary injunction;

21. AVG West, LLC, receivership entity;

22. Badgley, Serena, interested party;

23. Bank of America, N.A., interested party;

24. Barton, Maximilien, interested party;

25. Barton, Timothy, defendant-appellant;

26. Barton Texas Water District, LLC, entity subject to preliminary injunction;

27. Barton Water District, LLC (Delaware), entity subject to preliminary injunction;

28. Baum, Nathan B., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

29. BEE2019, LLC, receivership entity;

30. Berger, Jeffrey A., counsel for plaintiff-appellee Securities and Exchange Commission;

31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission;

32. BC Acquisitions, LLC (Delaware), entity subject to preliminary injunction;

33. Bird, Douglas S., counsel for interested party City of Frisco, Texas;

34. BM318 LLC, receivership entity;

35. Broadview Holdings Trust, receivership entity;

36. Brown Fox PLLC, counsel for receiver Cortney C. Thomas;

37. BSJ Trading, LLC, entity subject to preliminary injunction;

38. Buchholz, Robert W., counsel for interested party Southern Star Capital, LLC;

39. BUILD VIOLET, LLC, entity subject to preliminary injunction;

40. Butler Snow LLP, counsel for interested party Louisiana National Bank;

41. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley;

42. Capps, Aaron T., counsel for interested party Circle H Contractors LP;

43. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP;

44. Carnegie Development, LLC, defendant and receivership entity;

45. Carnegie Finance, LLC, entity subject to preliminary injunction;

46. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas;

47. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia;

48. Chandler Law PC, counsel for interested party Dhiraj Ramolia;

49. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia;

50. Chapple, Ryan E., counsel for interested party Serena Badgley;

51. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC;

52. Circle H Contractors LP, interested party;

53. City of Frisco, Texas, interested party;

54. Clem, David M., counsel for interested party Truist Bank;

55. Condo Towers GP, LLC, entity subject to preliminary injunction;

56. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

57. Crow, Daniel, interested party;

58. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

59. CYNKFP, LLC, entity subject to preliminary injunction;

60. D4AT, LLC, entity subject to preliminary injunction;

61. D4AVEG, LLC, entity subject to preliminary injunction;

62. D4BM, LLC, entity subject to preliminary injunction;

63. D4BR, LLC (Texas), entity subject to preliminary injunction;

64. D4DS LLC, receivership entity;

65. D4FR LLC, receivership entity;

66. D4IN, LLC (Texas), receivership entity;

67. D4KL LLC, receivership entity;

68. D4MC, LLC (Texas), receivership entity;

69. D4OP, LLC, receivership entity;

70. D4OPM, LLC, entity subject to preliminary injunction;

71. D4SMC, LLC, entity subject to preliminary injunction;

72. D4WP, LLC, entity subject to preliminary injunction;

73. Dallas Real Estate Investors, LLC, entity subject to preliminary injunction;

74. Dallas Real Estate Lenders, LLC (Delaware), entity subject to preliminary injunction;

75. Dallas Real Estate Management, LLC, entity subject to preliminary injunction;

76. Dentons US LLP, counsel for interested party McCormick 101, LLC;

77. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC;

78. DJD Land Partners, LLC, relief defendant and receivership entity;

79. DLP Real Estate Capital, Inc., interested party;

80. DLP Winter Haven Ventures, LLC, interested party;

81. Edney, Michael J., counsel for defendant-appellant Timothy Barton;

82. Enoch Investments LLC, receivership entity;

83. FHC Acquisition LLC, receivership entity;

84. Finnell, Jeffrey B., counsel for plaintiff-appellee Securities and Exchange Commission;

85. First Development Company of Ohio, LLC, interested party;

86. Five Star GM, LLC (Delaware), entity subject to preliminary injunction;

87. Five Star MM, LLC (Delaware), entity subject to preliminary injunction;

88. Five Star MM, LLC (Texas), entity subject to preliminary injunction;

89. Five Star TC, LLC (Delaware), entity subject to preliminary injunction;

90. Food & Leverage Real Estate, LLC (Delaware), entity subject to preliminary injunction;

91. Fu, Haoqiang, defendant;

92. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

93. Gillespie Villas LLC, receivership entity;

94. Gitlin, Jonathan, counsel for interested party First Development Company of Ohio;

95. Glenwood (18340) Property, LLC (Delaware), entity subject to preliminary injunction;

96. Goldmark Hospitality LLC, receivership entity;

97. Green, Gordon W., counsel for interested party Truist Bank;

98. Hale, Hon. Harlin, mediator;

99. Hamilton, Dennis S., counsel for interested party McCormick 101, LLC;

100. Heiskell, Michael P., counsel for defendant Stephen T. Wall;

101. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC;

102. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission;

103. HNGH Turtle Creek, LLC, interested party;

104. Hopper, James F., counsel for receiver Cortney C. Thomas;

105. HR Sterling, LLC, receivership entity;

106. Hunter, Renee M., counsel for intervenor United States of America;

107. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton;

108. Illuminate Dallas, LLC (Texas), entity subject to preliminary injunction;

109. JB Special Asset, LLC, entity subject to preliminary injunction;

110. JMJ Acquisitions LLC, receivership entity;

111. JMJ Acquisitions Mgmt, LLC, entity subject to preliminary injunction;

112. JMJ Aviation, LLC (Texas), entity subject to preliminary injunction;

113. JMJ BLUES TX, LLC, entity subject to preliminary injunction;

114. JMJ Blues, LLC, entity subject to preliminary injunction;

115. JMJ Centre, LLC, entity subject to preliminary injunction;

116. JMJ Development Brasil, LTDA, entity subject to preliminary injunction;

117. JMJ Development Fund, entity subject to preliminary injunction;

118. JMJ Development Fund, Inc, entity subject to preliminary injunction;

119. JMJ Development LLC, receivership entity;

120. JMJ EB5 Fund GP, LLC (Delaware), entity subject to preliminary injunction;

121. JMJ EB5 Fund, LP (Delaware), entity subject to preliminary injunction;

122. JMJ Holdings, LLC, entity subject to preliminary injunction;

123. JMJ Holdings US, LLC, entity subject to preliminary injunction;

124. JMJ Holdings USA, Inc, entity subject to preliminary injunction;

125. JMJ Home Building Inc (Nevada), entity subject to preliminary injunction;

126. JMJ Hospitality General Trading FZE, entity subject to preliminary injunction;

127. JMJ Hospitality, LLC, receivership entity;

128. JMJ Hospitality UAE, entity subject to preliminary injunction;

129. JMJ Investments Limited, entity subject to preliminary injunction;

130. JMJ Land Acquisition, Inc (Nevada), entity subject to preliminary injunction;

131. JMJ Land Development, Inc (Nevada), entity subject to preliminary injunction;

132. JMJ Land Venture, LLC, entity subject to preliminary injunction;

133. JMJ Mezzanine, Inc (Nevada), entity subject to preliminary injunction;

134. JMJ MF Development, LLC, entity subject to preliminary injunction;

135. JMJ Multifamily, Inc (Nevada), entity subject to preliminary injunction;

136. JMJ Offshore, LTD, entity subject to preliminary injunction;

137. JMJ Regional Center, LLC (Delaware), entity subject to preliminary injunction;

138. JMJ Residential, LLC, entity subject to preliminary injunction;

139. JMJ Valley Center, LLC, entity subject to preliminary injunction;

140. JMJ VC Management, LLC, receivership entity;

141. JMJAV, LLC, receivership entity;

142. JMJ148, LLC (Texas), entity subject to preliminary injunction;

143. JMJD4, LLC, entity subject to preliminary injunction;

144. JMJD4, LLC (Delaware), receivership entity;

145. JMJD4Allensville, LLC, entity subject to preliminary injunction;

146. JMJDWG, LLC (Texas), entity subject to preliminary injunction;

147. JMJKH, LLC, entity subject to preliminary injunction;

148. JMR100 LLC, receivership entity;

149. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall;

150. Johnston, Kenneth C., counsel for interested party Truist Bank;

151. Johnston Clem Giffod PLLC, counsel for interested party Truist Bank;

152. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC;

153. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC;

154. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

155. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC;

156. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC;

157. Koonce, Charlene C., counsel for receiver Cortney C. Thomas;

158. LaJolla Construction Management LLC, receivership entity;

159. LC Aledo TX, LLC, receivership entity;

160. LDG001, LLC, relief defendant and receivership entity;

161. Lesser, Joshua A., counsel for interested party Bank of America, N.A.;

162. Light, Barbara, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

163. Louisiana National Bank, interested party;

164. Lumar Land & Cattle, LLC, interested party;

165. Lynco Ventures, LLC, receivership entity;

166. Lynn Investments, LLC, entity subject to preliminary injunction;

167. Mansion Apartment Homes at Marine Creek, LLC, receivership entity;

168. Marine Creek SP, LLC, receivership entity;

169. Marine Creek Ventures, LLC, interested party;

170. McCormick 101, LLC, interested party;

171. MCFW, LLC, entity subject to preliminary injunction;

172. MCRS2019, LLC (Texas), entity subject to preliminary injunction;

173. MF Container, LLC (Delaware), entity subject to preliminary injunction;

174. MFO Venus Development, LLC, interested party;

175. Middlebury Trust, entity subject to preliminary injunction;

176. MMCYN, LLC, entity subject to preliminary injunction;

177. MO 2999TC, LLC, receivership entity;

178. Moeller, Evan A., counsel for interested party Bank of America, N.A.

179. Moss & Associates, LLC, interested party;

180. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation;

181. MV9490 Land Lot, LLC, entity subject to preliminary injunction;

182. MV9490 Management, LLC, entity subject to preliminary injunction;

183. MV9490, LLC, entity subject to preliminary injunction;

184. MXBA, LLC, entity subject to preliminary injunction;

185. MXBA Managed, LLC, entity subject to preliminary injunction;

186. MXBA Services, LLC, entity subject to preliminary injunction;

187. Napoli, Michael D., counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

188. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC;

189. Nicholson, Jill L., counsel for interested party McCormick 101, LLC;

190. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.;

191. Northstar 114, LLC (Delaware), entity subject to preliminary injunction;

192. Northstar PM, LLC (Delaware), receivership entity;

193. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

194. O'Connell, Sean B., counsel for defendant-appellant Timothy Barton;

195. One Agent Texas, LLC (Texas), entity subject to preliminary injunction;

196. One Agent, LLC (Delaware), entity subject to preliminary injunction;

197. ONE FHC, LLC (Texas), entity subject to preliminary injunction;

198. One MF Residential, LLC, entity subject to preliminary injunction;

199. One MFD4, LLC, entity subject to preliminary injunction;

200. One Pass Investments, LLC (Delaware), entity subject to preliminary injunction;

201. One RL Trust, entity subject to preliminary injunction;

202. One SF Residential, LLC, entity subject to preliminary injunction;

203. Orchard Farms Ventures, LLC, interested party;

204. Orchard Farms Village LLC, receivership entity;

205. Palisades-TC, LLC, interested party;

206. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC;

207. Peckar & Abramson, counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

208. Perry, Deborah M., counsel for interested party The Dixon Water Foundation;

209. Pioneer Finance, Inc., interested party;

210. Polsinelli PC, counsel for interested party McCormick 101, LLC;

211. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

212. Ramolia, Dhiraj, interested party;

213. Ranis, Ethan J., counsel for interested party City of Frisco, Texas;

214. Residential MF Assets, LLC (Delaware), entity subject to preliminary injunction;

215. Rhino Stainless US, LLC, entity subject to preliminary injunction;

216. Ridgeview Addition, LLC (Texas), receivership entity;

217. Riverwalk Invesco, LLC (Delaware), entity subject to preliminary injunction;

218. Riverwalk Opportunity Management, LLC (Delaware), entity subject to preliminary injunction;

219. Riverwalk OZFM, LLC (Delaware), entity subject to preliminary injunction;

220. Riverwalk OZFV, LLC (Delaware), entity subject to preliminary injunction;

221. Riverwalk QOZBJ, LLC (Delaware), entity subject to preliminary injunction;

222. Riverwalk QOZBM, LLC (Delaware), entity subject to preliminary injunction;

223. Riverwalk QOZBV, LLC (Delaware), entity subject to preliminary injunction;

224. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation;

225. Ross, Smith & Binford, PC, counsel for interested party First Development Company of Ohio;

226. Scott, John B., counsel for interested party Pioneer Finance, Inc.;

227. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.;

228. Scheff & Stone, L.L.P., counsel for interested party interested party Texas Republic Bank, N.A.;

229. Schurr, Patrick J., counsel for interested party interested party Texas Republic Bank, N.A.;

230. Seagoville Farms, LLC, receivership entity;

231. Securities and Exchange Commission, plaintiff-appellee;

232. SF Rock Creek, LLC, receivership entity;

233. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.;

234. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.;

235. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia;

236. SK Carnegie, LLC, entity subject to preliminary injunction;

237. Slim, Jules P., counsel for defendant-appellant Timothy Barton;

238. Somerset-Lost Creek Golf, Ltd., interested party;

239. Southern Properties Capital, Ltd., interested party;

240. Southern Star Capital, LLC, interested party;

241. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

242. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

243. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.);

244. Sosland, Martin A., counsel for interested party Louisiana National Bank;

245. STL Park, LLC (Delaware), entity subject to preliminary injunction;

246. Tamamoi, LLC, interested party;

247. Tarm Carnegie Management, LLC (Delaware), entity subject to preliminary injunction;

248. Tarm Carnegie, LLC (Texas), entity subject to preliminary injunction;

249. Taylor, Clay M., counsel for interested party McCormick 101, LLC;

250. TC Hall, LLC, receivership entity;

251. Texas Republic Bank, N.A., interested party;

252. The Dixon Water Foundation, interested party;

253. The MXBA Trust, entity subject to preliminary injunction;

254. The Timothy L. Barton Irrevocable Life Insurance, entity subject to preliminary injunction;

255. The Towers Condominium Partners Ltd, entity subject to preliminary injunction;

256. Thomas, Cortney C., receiver;

257. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC;

258. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC;

259. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity;

260. TLB 2012 IRR Trust, entity subject to preliminary injunction;

261. TLB 2018 Trust, entity subject to preliminary injunction;

262. TLB 2019 Trust, entity subject to preliminary injunction;

263. TLB 2020 Trust, entity subject to preliminary injunction;

264. TRTX Properties LLC, entity subject to preliminary injunction;

265. Truist Bank, interested party;

266. TRWF LODGE, LLC, entity subject to preliminary injunction;

267. TRWF, LLC, entity subject to preliminary injunction;

268. United States of America, intervenor;

269. Venus59 LLC, receivership entity;

270. VenusBK195, LLC (Texas), entity subject to preliminary injunction;

271. VenusPark201, LLC (Delaware), entity subject to preliminary injunction;

272. Vertical Street Ventures, LLC, interested party;

273. Villita Development, LLC, receivership entity;

274. Villita Towers LLC, receivership entity;

275. Wall, Stephen T., defendant;

276. Wall007, LLC, defendant and receivership entity;

277. Wall009, LLC, defendant and receivership entity;

278. Wall010, LLC, defendant and receivership entity;

279. Wall011, LLC, defendant and receivership entity;

280. Wall012, LLC, defendant and receivership entity;

281. Wall016, LLC, defendant and receivership entity;

282. Wall017, LLC, defendant and receivership entity;

283. Wall018, LLC, defendant and receivership entity;

284. Wall019, LLC, defendant and receivership entity;

285. Wells, Tim, counsel for receiver Cortney C. Thomas;

286. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC;

287. Winstead PC, counsel for interested party Vertical Street Ventures, LLC; and

288. WRL2019, LLC (Texas), receivership entity.

The persons and entities described in the fourth sentence of Rule 28.2.1 having an interest in the outcome of this case also includes (1) any additional entities that Timothy Barton directly or indirectly controls, (2) investors in defendants and receivership entities Wall007, LLC; Wall009, LLC; Wall010; Wall011, LLC; Wall012, LLC; Wall016; Wall017, LLC; Wall018, LLC; and/or Wall019, LLC, and (3) creditors of receivership entities.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill
*Attorney of Record for Appellee Securities and Exchange Commission*

## INTRODUCTION

Appellee Securities and Exchange Commission respectfully requests that this Court dismiss this appeal for lack of jurisdiction. Appellant Timothy Barton appeals from an interlocutory district court order granting fee applications of a court-appointed receiver. Because this Court lacks jurisdiction over interlocutory appeals from district court orders entered in the ordinary course of administering a receivership, this appeal should be dismissed.

## BACKGROUND

After the Commission sued Barton (and others), the district court appointed a receiver over entities that received or otherwise benefited from funds invested in Barton's alleged securities fraud. This Court affirmed the receivership order. *SEC v. Barton*, 135 F.4th 206, 217-23 (5th Cir. 2025).

Pursuant to the receivership order, the receiver and those retained by the receiver are "entitled to reasonable compensation and expense reimbursement from the [r]eceivership [e]state[]." ROA.14838. Each quarter, the receiver applies to the district court for such compensation and expense reimbursement. ROA.14838. The quarterly

fee applications are "interim and . . . subject to cost benefit and final reviews at the close of the receivership," at which time "the [r]eceiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the [r]eceiver during the course of the receivership." ROA.14838.[1]

On August 4, 2025, the district court granted the receiver's fifth and sixth quarterly fee applications, concluding that both applications were "just and appropriate." ROA.19350-51; *see* ROA.19045-222. On September 9, 2025, Barton appealed from that order. ROA.19375-76.

## ARGUMENT

This Court should dismiss this appeal because this Court lacks jurisdiction over interlocutory appeals from district court orders entered in the ordinary course of administering a receivership.

For receivership-related orders, Congress specified a limited class that are eligible for interlocutory appeal—"orders appointing receivers"

---

[1] "Quarterly [f]ee [a]pplications may be subject to a holdback in the amount of 20% of the amount of fees and expenses for each application filed with the Court. The total amounts held back during the course of the receivership will be paid out at the discretion of the Court as part of the final fee application submitted at the close of the receivership." ROA.14838.

and orders "refusing . . . to take steps to accomplish the purposes of [winding up receiverships]." 28 U.S.C. § 1292(a)(2); *see Barton*, 135 F.4th at 223-24 (discussing the scope of Section 1292(a)(2)). But for "orders issued in the course of a receivership"—like those granting receiver fee applications—this Court has "refused to find jurisdiction" under Section 1292(a)(2). *Netsphere, Inc. v. Baron*, 799 F.3d 327, 332 (5th Cir. 2015). That is the "best" "textual reading" of Section 1292(a)(2), and also "makes good sense" because "to conclude otherwise would mean that virtually any order of the receiver within the scope of its jurisdiction would be potentially appealable" and "[s]uch a piecemeal approach to the appellate process would be disruptive and costly, both to the parties and the courts." *Id.* at 332-33 (cleaned up).

Like Section 1292(a)(2), the collateral-order doctrine provides jurisdiction for certain receivership-related interlocutory appeals. *See Barton*, 135 F.4th at 224-25. But it does not provide jurisdiction for this appeal because that jurisdiction is limited to appeals from (1) "a district court's approval of a receiver's distribution plan" and (2) "[a] district

court's order[] approving [a] property sale[]." *Id.* at 225. A district court's order granting receiver fee applications is neither.

## CONCLUSION

The appeal should be dismissed for lack of jurisdiction.

Respectfully submitted,

JEFFREY A. BERGER
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

December 10, 2025

## CERTIFICATE OF CONFERENCE

I certify that I contacted appellant regarding the foregoing motion and appellant stated that he is opposed.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: December 10, 2025

## CERTIFICATE OF SERVICE AND FILING

I certify that on December 10, 2025, I electronically filed the foregoing motion with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.

I further certify that on the same date I caused the foregoing motion to be served on appellant Timothy Barton via email (timothy.barton@proton.me) and U.S. mail (1846 E. Rosemeade Parkway Unit 232, Carrollton, Texas 75007).

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: December 10, 2025

**CERTIFICATE OF COMPLIANCE**

I certify that the foregoing motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 567 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: December 10, 2025