**No. 25-11044**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

---

SECURITIES AND EXCHANGE COMMISSION,
*Plaintiff-Appellee*,

v.

TIMOTHY BARTON,
*Defendant-Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
No. 3:22-cv-02118-X

---

# APPELLEE SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS

---

JEFFERY A. BERGER
*Assistant General Counsel*

EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

Appellee Securities and Exchange Commission moved to dismiss appellant Timothy Barton's appeal from an interlocutory district court order granting fee applications of a court-appointed receiver. In opposition, Barton argues that this Court has jurisdiction pursuant to the collateral-order doctrine and 28 U.S.C. § 1292(a)(2). His arguments are without merit, and this appeal should be dismissed.

The collateral-order doctrine does not provide jurisdiction for this appeal because this Court has already determined that the doctrine's receivership-related jurisdiction is generally limited to appeals from (1) "a district court's approval of a receiver's distribution plan" and (2) "[a] district court's order[] approving [a] property sale[]." *SEC v. Barton*, 135 F.4th 206, 225 ("[O]ur [collateral-order doctrine] jurisdiction over interlocutory appeals of receivership orders is limited to those related to sales or distributions under the collateral-order doctrine."). As this Court reasoned in *Netsphere, Inc. v. Baron*, 799 F.3d 327 (5th Cir. 2015), district court orders awarding fees to receivers are generally outside the scope of the collateral-order doctrine because they are not effectively unreviewable on appeal from a final judgment. *Id.* at 334-36.

Barton's reliance on this Court's unpublished opinion in *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P.*, 657 F. App'x 320 (5th Cir. 2016), is unavailing. As that opinion recognized, "[receiver] fee orders generally do not [come within the collateral-order doctrine] except in limited circumstances where such fees would be potentially unrecoverable on appeal." *Id.* at 323.[1] This Court found that "limited exception" applicable due to three factors. *Id.* First, the case had been proceeding for seven years, it had been "over four years since this [C]ourt ordered the end of the receivership," and "there [wa]s no telling when the . . . case [would] reach final decision." *Id.* Second, "the money ha[d] been fully disbursed"—"[a]ll the receivership attorneys and professionals ha[d] been paid and the receivership accounts ha[d] been zeroed out and closed." *Id.* Third, "the money ha[d] been spread around," with "[a]t least 27 different entities receiv[ing] payment under

[1] While *Gardere Wynne* suggests that collateral-order doctrine jurisdiction for appeals from receiver fee award orders is determined on a case-by-case basis, the Supreme Court has explained that whether an order falls within the collateral-order doctrine—a "blunt, categorical instrument"—is not an "individualized jurisdictional inquiry" but rather "focus[es] . . . on the entire category to which a claim belongs." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 107, 112 (2009) (cleaned up).

the [appealed-from] fee orders." *Id.* Under those circumstances this Court concluded that "[c]ontinuing to put off th[e] appeal r[a]n[] a severe risk of rendering at least some of the fee awards unrecoverable." *Id.*

By contrast, this case has been proceeding for less than three and a half years, the receivership accounts remain open, and the appealed-from order awards funds to only three entities. *See* ROA.19350-51. Moreover, the fee awards at issue are "interim and . . . subject to cost benefit and final reviews at the close of the receivership," at which time "the [r]eceiver will file a final fee application, describing in detail the costs and benefits associated with all litigation and other actions pursued by the [r]eceiver during the course of the receivership." ROA.14838. Thus, this appeal presents substantially different circumstances than *Gardere Wynne*.

Section 1292(a)(2) also does not provide jurisdiction for this appeal because it is limited to "orders appointing receivers" and orders "refusing . . . to take steps to accomplish the purposes [of winding up receiverships]." 28 U.S.C. § 1292(a)(2); *see Barton*, 135 F.4th at 223-24 (discussing the scope of Section 1292(a)(2); *Netsphere*, 799 F.3d at 331-

34 (same). The appealed-from order did not appoint a receiver. And given that there has been no order to wind down the receivership, the appealed-from order is not a refusal to comply with such an order.

Respectfully submitted,

JEFFREY A. BERGER
*Assistant General Counsel*

*/s/ Ezekiel L. Hill*
EZEKIEL L. HILL
*Appellate Counsel*

Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
202.551.7724 (Hill)
hillez@sec.gov

December 29, 2025

## CERTIFICATE OF SERVICE AND FILING

I certify that on December 29, 2025, I electronically filed the foregoing reply with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.

I further certify that on the same date I caused the foregoing reply to be served on appellant Timothy Barton via email (timothy.barton@proton.me) and U.S. mail (1846 E. Rosemeade Parkway Unit 232, Carrollton, Texas 75007).

I further certify that this electronic filing is an exact copy of the paper document, that any privacy redactions have been made, and that this electronic filing was scanned for, and found to be free of, viruses.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: December 29, 2025

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 628 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface.

*/s/ Ezekiel L. Hill*
Ezekiel L. Hill

Dated: December 29, 2025