U.S. COURT OF APPEALS
RECEIVED
Dec 22, 2025
FIFTH CIRCUIT

No. 25-11044

In the
United States Court of Appeals for the Fifth Circuit

**SECURITIES AND EXCHANGE COMMISSION,**

*Plaintiff-Appellee,*

**v.**

**TIMOTHY BARTON,**

*Defendant-Appellant*

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-cv-02118-X

# APPELLANT'S RESPONSE TO APPELLEE SECURITIES AND EXCHANGE COMMISSION'S MOTION TO DISMISS

**Timothy L. Barton**
*Pro Se Appellant*
1846 E Rosemeade Pkwy,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me

# **Certificate of Interested Persons**

*Securities and Exchange Commission*
*Plaintiff-Appellee,*

*v.*

*Timothy Barton,*
*Defendant-Appellant*

No. 25-11044

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1. 126 Villita LLC, receivership entity;

2. 2999 Acquisitions, LLC (Delaware), entity subject to preliminary injunction;

3. 2999 Middlebury, LLC (Delaware), entity subject to preliminary Injunction;

4. 2999 Roxbury, LLC (Delaware), entity subject to preliminary injunction;

5. 2999TC Acquisitions, LLC, receivership entity;

6. 2999TC Acquisitions MZ, LLC fka MO 2999TC MZ, LLC,

entity subject to preliminary injunction;

7. 2999TC Founders, LLC (Delaware), entity subject to preliminary injunction;
8. 2999TC JMJ CMGR, LLC (Delaware), receivership entity;
9. 2999TC JMJ Equity, LLC, entity subject to preliminary injunction;
10. 2999TC JMJ MGR, LLC (Delaware), entity subject to preliminary injunction;
11. 2999TC JMJ, LLC (Delaware), entity subject to preliminary injunction;
12. 2999TC JMJ, LLC (Texas), entity subject to preliminary injunction;
13. 2999TC LP, LLC (Delaware), entity subject to preliminary injunction;
14. 2999TC MM, LLC, entity subject to preliminary injunction;
15. 2999TC MZ, LLC (Delaware), entity subject to preliminary injunction;
16. 3820 Illinois, LLC, interested party;
17. Ackerman LLP, counsel for interested parties DLP Real

Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

18. Adam and Reese LLP, counsel for interested party Bank of America, N.A.;
19. Aledo TX, LLC, receivership entity;
20. AVEG WW, LLC (Delaware), entity subject to preliminary injunction;
21. AVG West, LLC, receivership entity;
22. Badgley, Serena, interested party;
23. Bank of America, N.A., interested party;
24. Barton, Maximilien, interested party;
25. Barton, Timothy, defendant-appellant;
26. Barton Texas Water District, LLC, entity subject to preliminary injunction;
27. Barton Water District, LLC (Delaware), entity subject to preliminary injunction;
28. Baum, Nathan B., counsel for interested parties

Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

29. BEE2019, LLC, receivership entity;
30. Berger, Jeffrey A., counsel for plaintiff-appellee Securities and Exchange Commission;
31. Bernstein, Keefe M., counsel for plaintiff-appellee Securities and Exchange Commission;
32. BC Acquisitions, LLC (Delaware), entity subject to preliminary injunction;
33. Bird, Douglas S., counsel for interested party City of Frisco, Texas;
34. BM318 LLC, receivership entity;
35. Broadview Holdings Trust, receivership entity;
36. Brown Fox PLLC, counsel for receiver Cortney C. Thomas;
37. BSJ Trading, LLC, entity subject to preliminary injunction;
38. Buchholz, Robert W., counsel for interested party Southern Star Capital, LLC;

39. BUILD VIOLET, LLC, entity subject to preliminary injunction;

40. Butler Snow LLP, counsel for interested party Louisiana National Bank;

41. Cain & Skarnulis PLLC, counsel for interested party Serena Badgley;

42. Capps, Aaron T., counsel for interested party Circle H Contractors LP;

43. Capps and Associates PLLC, counsel for interested party Circle H Contractors LP;

44. Carnegie Development, LLC, defendant and receivership entity;

45. Carnegie Finance, LLC, entity subject to preliminary injunction;

46. Carrillo, C. Alan, counsel for receiver Cortney C. Thomas;

47. Chandler & Shavin PLLC, counsel for interested party Dhiraj Ramolia;

48. Chandler Law PC, counsel for interested party Dhiraj Ramolia;

49. Chandler, Corinna P., counsel for interested party Dhiraj Ramolia;

50. Chapple, Ryan E., counsel for interested party Serena Badgley;

51. Cheves, P. Kyle, counsel for interested party McCormick 101, LLC;

52. Circle H Contractors LP, interested party;

53. City of Frisco, Texas, interested party;

54. Clem, David M., counsel for interested party Truist Bank;

55. Condo Towers GP, LLC, entity subject to preliminary injunction;

56. Cooke, Chris, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

57. Crow, Daniel, interested party;

58. Curran, Thomas J., counsel for interested parties Moss & Associates, LLC and MFO Venus

Development, LLC;

59. CYNKFP, LLC, entity subject to preliminary injunction;
60. D4AT, LLC, entity subject to preliminary injunction;
61. D4AVEG, LLC, entity subject to preliminary injunction;
62. D4BM, LLC, entity subject to preliminary injunction;
63. D4BR, LLC (Texas), entity subject to preliminary injunction;
64. D4DS LLC, receivership entity;
65. D4FR LLC, receivership entity;
66. D4IN, LLC (Texas), receivership entity;
67. D4KL LLC, receivership entity;
68. D4MC, LLC (Texas), receivership entity;
69. D4OP, LLC, receivership entity;
70. D4OPM, LLC, entity subject to preliminary injunction;
71. D4SMC, LLC, entity subject to preliminary injunction;
72. D4WP, LLC, entity subject to preliminary injunction;
73. Dallas Real Estate Investors, LLC, entity subject to preliminary injunction;
74. Dallas Real Estate Lenders, LLC (Delaware), entity

subject to preliminary injunction;

75. Dallas Real Estate Management, LLC, entity subject to preliminary injunction;

76. Dentons US LLP, counsel for interested party McCormick 101, LLC;

77. DeYoung, Kyle M., counsel for interested party HNGH Turtle Creek, LLC;

78. DJD Land Partners, LLC, relief defendant and receivership entity;

79. DLP Real Estate Capital, Inc., interested party;

80. DLP Winter Haven Ventures, LLC, interested party;

81. Edney, Michael J., counsel for defendant-appellant Timothy Barton;

82. Enoch Investments LLC, receivership entity;

83. FHC Acquisition LLC, receivership entity;

84. Finnell, Jeffrey B., counsel for plaintiff-appellee Securities and Exchange Commission;

85. First Development Company of Ohio, LLC, interested party;

86. Five Star GM, LLC (Delaware), entity subject to

preliminary injunction;

87. Five Star MM, LLC (Delaware), entity subject to preliminary injunction;

88. Five Star MM, LLC (Texas), entity subject to preliminary injunction;

89. Five Star TC, LLC (Delaware), entity subject to preliminary injunction;

90. Food & Leverage Real Estate, LLC (Delaware), entity subject to preliminary injunction;

91. Fu, Haoqiang, defendant;

92. Fullington, Ian E., counsel for interested parties Moss & Associates, LLC and MFO Venus Development, LLC;

93. Gillespie Villas LLC, receivership entity;

94. Gitlin, Jonathan, counsel for interested party First Development Company of Ohio;

95. Glenwood (18340) Property, LLC (Delaware), entity subject to preliminary injunction;

96. Goldmark Hospitality LLC, receivership entity;

97. Green, Gordon W., counsel for interested party Truist Bank;

98. Hale, Hon. Harlin, mediator;

99. Hamilton, Dennis S., counsel for interested party McCormick 101, LLC;

100. Heiskell, Michael P., counsel for defendant Stephen T. Wall;

101. Hicks, Jr., George W., counsel for counsel for interested party HNGH Turtle Creek, LLC;

102. Hill, Ezekiel L., counsel for plaintiff-appellee Securities and Exchange Commission;

103. HNGH Turtle Creek, LLC, interested party;

104. Hopper, James F., counsel for receiver Cortney C. Thomas;

105. HR Sterling, LLC, receivership entity;

106. Hunter, Renee M., counsel for intervenor United States of America;

107. Hunton Andrews Kurth LLP, counsel for defendant-appellant Timothy Barton;

108. Illuminate Dallas, LLC (Texas), entity subject to

preliminary injunction;

109. JB Special Asset, LLC, entity subject to preliminary injunction;

110. JMJ Acquisitions LLC, receivership entity;

111. JMJ Acquisitions Mgmt, LLC, entity subject to preliminary injunction;

112. JMJ Aviation, LLC (Texas), entity subject to preliminary injunction;

113. JMJ BLUES TX, LLC, entity subject to preliminary injunction;

114. JMJ Blues, LLC, entity subject to preliminary injunction;

115. JMJ Centre, LLC, entity subject to preliminary injunction;

116. JMJ Development Brasil, LTDA, entity subject to preliminary injunction;

117. JMJ Development Fund, entity subject to preliminary injunction;

118. JMJ Development Fund, Inc, entity subject to preliminary injunction;

119. JMJ Development LLC, receivership entity;

120. JMJ EB5 Fund GP, LLC (Delaware), entity subject to preliminary injunction;

121. JMJ EB5 Fund, LP (Delaware), entity subject to preliminary injunction;

122. JMJ Holdings, LLC, entity subject to preliminary injunction;

123. JMJ Holdings US, LLC, entity subject to preliminary injunction;

124. JMJ Holdings USA, Inc, entity subject to preliminary injunction;

125. JMJ Home Building Inc (Nevada), entity subject to preliminary injunction;

126. JMJ Hospitality General Trading FZE, entity subject to preliminary injunction;

127. JMJ Hospitality, LLC, receivership entity;

128. JMJ Hospitality UAE, entity subject to preliminary injunction;

129. JMJ Investments Limited, entity subject to

preliminary injunction;

130. JMJ Land Acquisition, Inc (Nevada), entity subject to preliminary injunction;

131. JMJ Land Development, Inc (Nevada), entity subject to preliminary injunction;

132. JMJ Land Venture, LLC, entity subject to preliminary injunction;

133. JMJ Mezzanine, Inc (Nevada), entity subject to preliminary injunction;

134. JMJ MF Development, LLC, entity subject to preliminary injunction;

135. JMJ Multifamily, Inc (Nevada), entity subject to preliminary injunction;

136. JMJ Offshore, LTD, entity subject to preliminary injunction;

137. JMJ Regional Center, LLC (Delaware), entity subject to preliminary injunction;

138. JMJ Residential, LLC, entity subject to preliminary injunction;

139. JMJ Valley Center, LLC, entity subject to preliminary injunction;

140. JMJ VC Management, LLC, receivership entity;

141. JMJAV, LLC, receivership entity;

142. JMJ148, LLC (Texas), entity subject to preliminary injunction;

143. JMJD4, LLC, entity subject to preliminary injunction;

144. JMJD4, LLC (Delaware), receivership entity;

145. JMJD4Allensville, LLC, entity subject to preliminary injunction;

146. JMJDWG, LLC (Texas), entity subject to preliminary injunction;

147. JMJKH, LLC, entity subject to preliminary injunction;

148. JMR100 LLC, receivership entity;

149. Johnson Vaughn & Heiskell, counsel for defendant Stephen T. Wall;

150. Johnston, Kenneth C., counsel for interested party Truist Bank;

151. Johnston Clem Giffod PLLC, counsel for interested party Truist Bank;

152. Kane Russell Coleman & Logan PC, counsel for interested party HNGH Turtle Creek, LLC;

153. Kane, John J., counsel for interested party HNGH Turtle Creek, LLC;

154. Kearns, David T., counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

155. Kirkland & Ellis LLP, counsel for interested party HNGH Turtle Creek, LLC;

156. Kleinsasser, Matthias, counsel for interested party Vertical Street Ventures, LLC;

157. Koonce, Charlene C., counsel for receiver Cortney C. Thomas;

158. LaJolla Construction Management LLC, receivership entity;

159. LC Aledo TX, LLC, receivership entity;

160. LDG001, LLC, relief defendant and receivership entity;

161. Lesser, Joshua A., counsel for interested party Bank of America, N.A.;

162. Light, Barbara, counsel for interested parties Maximilien

Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

163. Louisiana National Bank, interested party;

164. Lumar Land & Cattle, LLC, interested party;

165. Lynco Ventures, LLC, receivership entity;

166. Lynn Investments, LLC, entity subject to preliminary injunction;

167. Mansion Apartment Homes at Marine Creek, LLC, receivership entity;

168. Marine Creek SP, LLC, receivership entity;

169. Marine Creek Ventures, LLC, interested party;

170. McCormick 101, LLC, interested party;

171. MCFW, LLC, entity subject to preliminary injunction;

172. MCRS2019, LLC (Texas), entity subject to preliminary injunction;

173. MF Container, LLC (Delaware), entity subject to preliminary injunction;

174. MFO Venus Development, LLC, interested party;

175. Middlebury Trust, entity subject to preliminary injunction;

176. MMCYN, LLC, entity subject to preliminary injunction;

177. MO 2999TC, LLC, receivership entity;

178. Moeller, Evan A., counsel for interested party Bank of America, N.A.

179. Moss & Associates, LLC, interested party;

180. Munsch Hardt Kopf & Harr, P.C., counsel for interested party The Dixon Water Foundation;

181. MV9490 Land Lot, LLC, entity subject to preliminary injunction;

182. MV9490 Management, LLC, entity subject to preliminary injunction;

183. MV9490, LLC, entity subject to preliminary injunction;

184. MXBA, LLC, entity subject to preliminary injunction;

185. MXBA Managed, LLC, entity subject to preliminary injunction;

186. MXBA Services, LLC, entity subject to preliminary injunction;

187. Napoli, Michael D., counsel for interested parties DLP Real Estate Capital, Inc, DLP Winter Haven Ventures, LLC, Marine Creek Ventures, LLC, and Orchard Farms Ventures, LLC;

188. Nealy Cox, Erin, counsel for interested party HNGH Turtle Creek, LLC;

189. Nicholson, Jill L., counsel for interested party McCormick 101, LLC;

190. Norman, Brian K., counsel for interested party Southern Properties Capital, Ltd.;

191. Northstar 114, LLC (Delaware), entity subject to preliminary injunction;

192. Northstar PM, LLC (Delaware), receivership entity;

193. Norton Rose Fulbright US LLP, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

194. O’Connell, Sean B., counsel for defendant-appellant Timothy Barton;

195. One Agent Texas, LLC (Texas), entity subject to preliminary injunction;
196. One Agent, LLC (Delaware), entity subject to preliminary injunction;
197. ONE FHC, LLC (Texas), entity subject to preliminary injunction;
198. One MF Residential, LLC, entity subject to preliminary injunction;
199. One MFD4, LLC, entity subject to preliminary injunction;
200. One Pass Investments, LLC (Delaware), entity subject to preliminary injunction;
201. One RL Trust, entity subject to preliminary injunction;
202. One SF Residential, LLC, entity subject to preliminary injunction;
203. Orchard Farms Ventures, LLC, interested party;
204. Orchard Farms Village LLC, receivership entity;
205. Palisades-TC, LLC, interested party;
206. Patton, Jonathan R., counsel for interested party Palisades-TC, LLC;
207. Peckar & Abramson, counsel for interested parties

Moss & Associates, LLC and MFO Venus Development, LLC;

208. Perry, Deborah M., counsel for interested party The Dixon Water Foundation;

209. Pioneer Finance, Inc., interested party;

210. Polsinelli PC, counsel for interested party McCormick 101, LLC;

211. Ramer, Samuel, counsel for interested parties Maximilien Barton, MXBA LLC, and TRTX Properties LLC, and receivership entities Gillespie Villas LLC, TC Hall, L.L.C., Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, and Venus59 LLC;

212. Ramolia, Dhiraj, interested party;

213. Ranis, Ethan J., counsel for interested party City of Frisco, Texas;

214. Residential MF Assets, LLC (Delaware), entity subject to preliminary injunction;

215. Rhino Stainless US, LLC, entity subject to preliminary injunction;

216. Ridgeview Addition, LLC (Texas), receivership entity;

217. Riverwalk Invesco, LLC (Delaware), entity subject to preliminary injunction;

218. Riverwalk Opportunity Management, LLC (Delaware), entity subject to preliminary injunction;

219. Riverwalk OZFM, LLC (Delaware), entity subject to preliminary injunction;

220. Riverwalk OZFV, LLC (Delaware), entity subject to preliminary injunction;

221. Riverwalk QOZBJ, LLC (Delaware), entity subject to preliminary injunction;

222. Riverwalk QOZBM, LLC (Delaware), entity subject to preliminary injunction;

223. Riverwalk QOZBV, LLC (Delaware), entity subject to preliminary injunction;

224. Roossien, Jr., Dennis L., counsel for interested party The Dixon Water Foundation;

225. Ross, Smith & Binford, PC, counsel for interested party First Development Company of Ohio;

226. Scott, John B., counsel for interested party Pioneer Finance,

Inc.;

227. Scott & Scott, PLLC, counsel for interested party Pioneer Finance, Inc.;
228. Scheff & Stone, L.L.P., counsel for interested party interested party Texas Republic Bank, N.A.;
229. Schurr, Patrick J., counsel for interested party interested party Texas Republic Bank, N.A.;
230. Seagoville Farms, LLC, receivership entity;
231. Securities and Exchange Commission, plaintiff-appellee;
232. SF Rock Creek, LLC, receivership entity;
233. Shamoun & Norman, LLP, counsel for interested party Southern Properties Capital, Ltd.;
234. Shamoun, C. Gregory, counsel for interested party Southern Properties Capital, Ltd.;
235. Shavin, Eliot Dana, counsel for interested party Dhiraj Ramolia;
236. SK Carnegie, LLC, entity subject to preliminary injunction;
237. Slim, Jules P., counsel for defendant-appellant Timothy Barton;

238. Somerset-Lost Creek Golf, Ltd., interested party;

239. Southern Properties Capital, Ltd., interested party;

240. Southern Star Capital, LLC, interested party;

241. Spector & Cox, PLLC, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

242. Spector, Howard Marc, counsel for interested parties Tamamoi, LLC and 3820 Illinois, LLC;

243. Starr, Hon. Brantley, U.S. District Court Judge (N.D. Tex.);

244. Sosland, Martin A., counsel for interested party Louisiana National Bank;

245. STL Park, LLC (Delaware), entity subject to preliminary injunction;

246. Tamamoi, LLC, interested party;

247. Tarm Carnegie Management, LLC (Delaware), entity subject to preliminary injunction;

248. Tarm Carnegie, LLC (Texas), entity subject to preliminary injunction;

249. Taylor, Clay M., counsel for interested party McCormick 101, LLC;

250. TC Hall, LLC, receivership entity;

251. Texas Republic Bank, N.A., interested party;

252. The Dixon Water Foundation, interested party;

253. The MXBA Trust, entity subject to preliminary injunction;

254. The Timothy L. Barton Irrevocable Life Insurance, entity subject to preliminary injunction;

255. The Towers Condominium Partners Ltd, entity subject to preliminary injunction;

256. Thomas, Cortney C., receiver;

257. Tillotson, Jeffrey M., counsel for interested party Palisades-TC, LLC;

258. Tillotson Johnson & Patton, counsel for interested party Palisades-TC, LLC;

259. Titan Investments LLC, a/k/a Titan 2022 Investments, LLC, receivership entity;

260. TLB 2012 IRR Trust, entity subject to preliminary injunction;

261. TLB 2018 Trust, entity subject to preliminary injunction;

262. TLB 2019 Trust, entity subject to preliminary injunction;

263. TLB 2020 Trust, entity subject to preliminary injunction;

264. TRTX Properties LLC, entity subject to preliminary injunction;

265. Truist Bank, interested party;

266. TRWF LODGE, LLC, entity subject to preliminary injunction;

267. TRWF, LLC, entity subject to preliminary injunction;

268. United States of America, intervenor;

269. Venus59 LLC, receivership entity;

270. VenusBK195, LLC (Texas), entity subject to preliminary injunction;

271. VenusPark201, LLC (Delaware), entity subject to preliminary injunction;

272. Vertical Street Ventures, LLC, interested party;

273. Villita Development, LLC, receivership entity;

274. Villita Towers LLC, receivership entity;

275. Wall, Stephen T., defendant;

276. Wall007, LLC, defendant and receivership entity;

277. Wall009, LLC, defendant and receivership entity;

278. Wall010, LLC, defendant and receivership entity;

279. Wall011, LLC, defendant and receivership entity;

280. Wall012, LLC, defendant and receivership entity;

281. Wall016, LLC, defendant and receivership entity;

282. Wall017, LLC, defendant and receivership entity;

283. Wall018, LLC, defendant and receivership entity;

284. Wall019, LLC, defendant and receivership entity;

285. Wells, Tim, counsel for receiver Cortney C. Thomas;

286. Wielebinski, Joe, counsel for interested party Vertical Street Ventures, LLC;

287. Winstead PC, counsel for interested party Vertical Street Ventures, LLC; and

288. WRL2019, LLC (Texas), receivership entity.

The persons and entities described in the fourth sentence of Rule 28.2.1 having an interest in the outcome of this case also includes (1) any additional entities that Appellant directly or indirectly controls, (2) Co-lenders and defendants and receivership entities Wall007, LLC;

Wall009, LLC; Wall010; Wall011, LLC; Wall012, LLC; Wall016; Wall017, LLC; Wall018, LLC; and/or Wall019, LLC, and (3) creditors of receivership entities.

*/s/Timothy L. Barton*
Timothy L. Barton
Pro Se Appellant
1846 E Rosemeade Pkwy,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me

# I. INTRODUCTION

Appellant Timothy Barton respectfully opposes the Securities and Exchange Commission's Motion to Dismiss. Contrary to the SEC's position, this Court has well-established jurisdiction over fee orders that result in immediate, irreversible disbursement of receivership funds—particularly where, as here, (1) the fees stem from unnecessary litigation conducted under fictional "emergencies" and in violation of stays, (2) the fee disbursements will moot separate pending appeals challenging the very receivership and sales that generated these fees, and (3) the assets used to pay these fees came from settlement proceeds that should have satisfied bankruptcy creditors rather than enriching the receiver.

This Court's precedents in *SEC v. Forex Asset Mgmt. LLC, 242 F.3d 325, 330–31 (5th Cir. 2001)* and *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P., 657 F. App'x 320 (5th Cir. 2016);* make clear that the collateral order doctrine provides jurisdiction where disbursed funds would be "unrecoverable" before final judgment. That is precisely the situation here. The SEC's reliance on *Netsphere, Inc. v. Baron (Netsphere II), 799 F.3d 327, 331, 335–36 (5th Cir. 2015);* is misplaced because that case involved interim fee *authorizations* before

disbursement—not orders approving *actual payments* of hundreds of thousands of dollars that cannot be recouped.

## II. BACKGROUND

The district court appointed a receiver over entities it found that Barton "owns or controls." ROA.18980-83. The receivership order entitled the receiver and professionals to "reasonable compensation and expense reimbursement from the Receivership Estate." ROA.19003-05.

Critically, the receivership operates under multiple stays. A Department of Justice stay has been in effect since November 2022, restricting dispositions of assets. ROA.1254-55. Additionally, the receivership order itself imposes a stay on asset transfers without a liquidation plan to necessitate the requirement. Despite these constraints, the receiver has pursued aggressive, unnecessary litigation to force sales that cannot close because clouds on title result from pending appeals.

The Fifth and Sixth Quarterly Fee Applications total $594,115.15 as ordered. ROA.19350-51. These substantial sums derive almost entirely from litigation efforts that were both unnecessary and

futile—unnecessary because the DOJ stay and receivership order stay precluded the contemplated dispositions, and futile because purchasers cannot obtain clear title while the receivership and ratification orders remain under appeal.[1]

The fees are to be paid from the receivership estate, which holds proceeds from settlements of receivership entity assets. However, the receivership itself and the ratification of sales orders are under separate appeals in this Court. See *SEC vs. Barton Appeal Case No. 24-10788 and 25-10871.* Further most of the assets are in Chapter 11 Bankruptcies. Approval of these fee applications will effectively moot those appeals and litigations by depleting the estate before meaningful appellate review can occur.

Moreover, the assets underlying the receivership estate were previously in bankruptcy proceedings. The ratification of settlements has resulted in no payments to creditors of the bankruptcy cases—only the receivership has been paid. This constitutes a direct harm to the assets, which bear the consequences of this improper priority.

---

[1] *See SEC vs. Barton Appeal Case No. 24-10788 and 25-10871*

## III. ARGUMENT

### A. THIS COURT HAS JURISDICTION UNDER THE COLLATERAL ORDER DOCTRINE

The *collateral order doctrine*, established in *Cohen v. Beneficial Industrial Loan Corp.*,[2] permits immediate appeal of interlocutory orders that (1) conclusively determine a disputed question, (2) resolve an important issue separate from the merits, and (3) would be effectively unreviewable on appeal from final judgment. The district court's order approving $594,116.90 in receiver fees satisfies all three prongs.

#### 1. Fifth Circuit Precedent Establishes Jurisdiction Over Receivership Fee Disbursements

In *SEC v. Forex Asset Mgmt. LLC, 242 F.3d 325, 328 (5th Cir. 2001),* this Court held that receivership distribution orders are immediately appealable under the collateral order doctrine because receivership assets "will be distributed, and likely unrecoverable, long before the action brought by the SEC is subject to appellate review." The Court emphasized that "[b]y the time a final judgment exists in

---

[2] *Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).*

the SEC action, there will be no receiver or receivership assets, and any corrective order that might flow from a successful appeal would be meaningless."

The SEC attempts to cabin *Forex* to distribution plans and property sales, but this reads the precedent too narrowly. *Forex*'s reasoning applies with equal force to fee disbursements: money paid to the receiver and professionals is just as "unrecoverable" as money distributed to investors or proceeds from asset sales. Once paid, these funds are effectively gone.

*Netsphere III* confirms this reading. There, the Fifth Circuit exercised collateral-order jurisdiction over receiver-fee awards because the receiver had been discharged and the receivership funds had been fully paid out and closed—creating a material risk the awards would be “potentially unrecoverable” if review waited for a final merits judgment. *Netsphere, Inc. v. Gardere Wynne Sewell, L.L.P. (Netsphere III), 657 F. App’x 320, 323–24 (5th Cir. 2016).* The court contrasted Netsphere II, which dismissed an appeal from interim fee orders that “merely authorize[d]” payments and lacked a showing that later recovery would be impracticable. *Netsphere, Inc. v. Baron (Netsphere II), 799 F.3d 327, 331, 335–36 (5th Cir. 2015).*

### 2. All Three Prongs of the Collateral Order Doctrine Are Satisfied

***First Prong—Conclusive Determination***: The district court's order conclusively determines that $594,116.90 shall be paid to the receiver and professionals. This is not a tentative authorization but a final ruling on the amount owed.

***Second Prong—Important Issue Separate from the Merits***: Whether the receiver's fees are reasonable given the unnecessary litigation pursued, the multiple stays in effect, and the futility of sales efforts is wholly separate from the underlying securities fraud allegations. The question is not whether Barton committed fraud but whether the receiver should be compensated for hundreds of thousands of dollars in work that was both prohibited by court orders and doomed to failure and completely not necessary and under no emergency requirements.

***Third Prong—Effective Unreviewability***: This is the critical prong, and it is clearly satisfied. Once disbursed, these funds will be spent and unrecoverable. The receiver and professionals will not hold these sums in escrow pending final judgment—they will use them to pay their own expenses, staff, and obligations. By the time any final

judgment issues in this case, there will be no practical remedy. As *Netsphere III* recognized, this makes the fee orders "effectively unreviewable on appeal from a final judgment."

### 3. Netsphere II Is Distinguishable

The SEC relies on *Netsphere II*, but that reliance is misplaced. *Netsphere II* involved interim fee *orders* that merely "authorize[d] certain cash payments" before any disbursement occurred.[3] Here, by contrast, the orders at issue approve fees that are immediately payable and will be disbursed without further court action. This is precisely the distinction *Netsphere III* drew when it found jurisdiction.

## B. THE FEE DISBURSEMENTS CONSTITUTE "OTHER DISPOSALS OF PROPERTY" UNDER § 1292(a)(2)

In the alternative, jurisdiction exists under 28 U.S.C. § 1292(a)(2), which grants appellate jurisdiction over interlocutory orders "directing sales or other disposals of property." Payment of $594,116.90 from the receivership estate permanently transfers those

[3]*Netsphere, Inc. v. Baron, 799 F.3d 327, 332 (5th Cir. 2015).*

funds out of the estate—this is a "disposal of property" no less than a sale of real estate. The funds will leave the estate and enrich third parties (the receiver and professionals) rather than being preserved for potential distribution to creditors or return to equity holders.

## C. APPROVAL OF THESE FEES WILL MOOT PENDING APPEALS AND CAUSE IRREPARABLE HARM

The fee applications approval has consequences far beyond this single appeal. The receivership itself and the ratification of sales orders are under separate appeals in this Court. If these fees are paid out, the estate will be depleted, effectively mooting those appeals. See Appeal Case No 24-10788 and 25-10871. Appellant would have no meaningful remedy even if he prevails on the merits of those appeals—the money will be gone.

The fees themselves arise from the very litigation that is the subject of the pending appeals. The receiver has pursued aggressive sales and dispositions under the guise of "emergencies," billing hundreds of thousands of dollars for work that could not succeed because:

(1) The DOJ stay prohibited the contemplated dispositions. ROA.1254-55.;

(2) The receivership order stay likewise restricted asset transfers without an approved liquidation plan and necessity. ROA.19002.;

(3) Purchasers cannot obtain clear title while the receivership and ratification orders remain under appeal, creating clouds on title. ROA.19252.; and

(4) The assets are in bankruptcy, and settlement proceeds that should have satisfied bankruptcy creditors have been consumed solely by the receivership.

If there is no litigation, there are no such high bills. The receiver created this billing by pursuing unnecessary litigation under fictional emergencies, knowing full well that the DOJ stay and pending appeals made success impossible.

Appellant bears the direct consequences of excessive or unreasonable fee awards. Every dollar paid to the receiver and professionals is a dollar unavailable to creditors, investors, or ultimately to Appellant himself as equity holder, should the active appeals on receivership prevail. This gives him a concrete, particularized injury sufficient for standing.

### D. DUE PROCESS REQUIRES MEANINGFUL REVIEW

The Fifth Amendment guarantees that no person shall be deprived of property without due process of law.[4] Due process requires meaningful review of governmental actions affecting property interests. Denying immediate appellate review of the fee orders is tantamount to denying *any* meaningful review. By the time a final judgment issues years hence, the funds will have been spent, the receiver discharged, and the estate wound up. This Court is the only venue for meaningful review, and the time for that review is now.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the SEC's Motion to Dismiss. This Court has jurisdiction under the collateral order doctrine as established in *Forex* and *Netsphere III*, and alternatively under 28 U.S.C. § 1292(a)(2). The fee orders conclusively determine the disbursement of $594,116.90 from the receivership estate—funds that will be immediately spent and unrecoverable, that were generated through unnecessary litigation in violation of multiple

[4]*See Mathews v. Eldridge, 424 U.S. 319, 333 (1976).*

stays, violated the Bankruptcy assets and creditors and that will moot other pending appeals before this Court.

Respectfully submitted,

*/s/Timothy L. Barton*
Timothy L. Barton
Pro Se Appellant
1846 E Rosemeade Pkwy,
#232 Carrollton, TX 75007
Tel: (214) 673-8714
Timothy.Barton@proton.me
Date: December 22, 2025

## CERTIFICATE OF SERVICE

I certify that on December 22, 2025, I electronically filed the foregoing opposition with the Clerk of the Court for the U.S. Court of Appeals for the Fifth Circuit through the Court's CM/ECF system.

I further certify that on the same date I caused the foregoing opposition to be served on counsel for the Securities and Exchange Commission via the Court's CM/ECF system.

*/s/Timothy L. Barton*
Timothy L. Barton

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing opposition complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,698 words, excluding the parts exempted by Fed. R. App. P. 32(f).

I further certify that the foregoing opposition complies with the typeface requirements of Fed. R. App. P. 32(a)(5)(A) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced, Roman-style, 14-point typeface (Century Schoolbook).

*/s/Timothy L. Barton*
Timothy L. Barton